IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DANIEL BOUDREAUX**                                                              **PLAINTIFF**

**STONETRUST COMMERCIAL**
**INSURANCE COMPANY**                                              **INTERVENOR PLAINTIFF**

**v.**                                                                   **CAUSE NO. 1:15CV89-LG-RHW**

**QUICK FAST AND IN A HURRY**
**TRANSPORTATION, LLC,**
**and WALTER E. FELLS**                                                           **DEFENDANTS**

### ORDER GRANTING DEFENDANT'S MOTION
### FOR JUDGMENT ON THE PLEADINGS AS TO
### PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES

**BEFORE THE COURT** is the Motion for Judgment on the Pleadings [45] filed by Quick Fast and In a Hurry Transportation, LLC.  The plaintiff Daniel Boudreaux has filed a response in opposition to the Motion, and Quick has filed a reply.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion should be granted, and Boudreaux's demand for punitive damages against Quick should be dismissed with prejudice.

### FACTS

This lawsuit arose out a motor vehicle accident.  The Complaint filed in this matter contains very few factual allegations, and the copy of the accident report attached to the Complaint is nearly illegible.  However, it appears that both Boudreaux and Walter Fells were driving tractor trailers on a Mississippi highway when Boudreaux left the roadway, overcorrected, and overturned, partially blocking

the roadway. Fells, who was employed by Quick, attempted to avoid Boudreaux's vehicle, but he was unsuccessful, and part of his trailer struck the front of Boudreaux's tractor trailer. Boudreaux filed this lawsuit, alleging that Fells was driving at an excessive speed given the conditions of the road. All of the claims filed against Fells' employer, Quick, are based solely on vicarious liability. Boudreaux seeks past, present, and future medical expenses, lost wages, pain and suffering, and punitive damages. Quick filed the present Motion seeking dismissal of Boudreaux's claim for punitive damages.

## DISCUSSION

"[A] motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 417 (5th Cir. 2008)). In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

The Mississippi Court of Appeals has explained: "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are

allowed 'with caution and within narrow limits.'" *Ill. Cent. R. Co. v. Young*, 120 So. 3d 992, 1013-14 (¶62) (Miss. Ct. App. 2012) (quoting *Warren v. Derivaux*, 996 So. 2d 729, 738 (¶27) (Miss. 2008)). Pursuant to statute, punitive damages can only be awarded when the plaintiff proves "by clear and convincing evidence that the defendant . . . acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." *Id.*; *see also* Miss. Code Ann. § 11-1-65(1)(a). Under Mississippi law, a punitive damages claim cannot be based on vicarious liability. *See Littlejohn v. Werner Enters., Inc.*, No. 1:14cv44-SA-DAS, 2015 WL 3484651, at *3 (N.D. Miss. June 2, 2015); *Dinger v. Amer. Zurich Ins. Co.*, No. 3:13cv46-MPM-SAA, 2014 WL 580889, at *4 (N.D. Miss. Feb. 13, 2014); *Roberts v. Ecuanic Exp., Inc.*, No. 2:12cv84-KS-MTP, 2012 WL 3052838, at *3 (S.D. Miss. July 25, 2012). Boudreaux has not alleged any actual malice, gross negligence, or wanton or reckless conduct on the part of Quick; he merely alleges that Quick was Fells' employer. Therefore, the Court finds that Boudreaux's punitive damages claim against Quick must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court finds that Quick's Motion for Judgment on the Pleadings as to Boudreaux's punitive damages claim should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Judgment on the Pleadings [45] filed by Quick Fast and In a Hurry Transportation,

LLC, is **GRANTED**.  The plaintiff's punitive damages claim filed against Quick Fast and In a Hurry Transportation, LLC, is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 24th day of August, 2015.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge